UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ENGENDER, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1591** |
| **CYPRESS ZONE PRODUCTIONS, LLC** and **ROBERT SPRUEILL a/k/a ROB HOLLOWAY** | **SECTION "R" (3)** |

## ORDER

Before the Court is a Motion to Fix Attorneys' Fees (Rec. Doc. No. 16) filed by Engender, LLC ("Engender"). The motion is opposed. (Rec. Doc. No. 17). Having reviewed the pleadings and the case law, the Court rules as follows.

**I.     BACKGROUND**

Engender served discovery requests on defendant, Cypress Zone Productions, LLC ("CZP"), on September 16, 2020. CZP did not respond to the discovery requests within the delays provided by the Federal Rules of Civil Procedure. After Engender notified CZP that the deadline had passed, CZP requested a two-week extension. CZP ultimately submitted its responses to the discovery requests on October 30, 2020, after which Engender filed a motion to compel contending that the responses were substantially deficient. (Rec. Doc. No. 8). At the hearing on January 13, 2021, this Court granted Engender's Motion to Compel and ordered CZP to supplement its discovery responses and produce all responsive documents within fourteen days. The Court also granted Engender's request for reasonable attorneys' fees pursuant to Federal Rule of Civil Procedure 37, reserving the right of Engender to file a motion with supporting documentation to recover its fees. (*See* Rec. Doc. No. 15.)  The instant motion ensued.

1

## II.     LAW AND ANALYSIS

### A.     The Lodestar Approach

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). A court's discretion in fashioning a reasonable attorneys' fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379.  The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### i.     Reasonable Hourly Rates

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill." *Blum*, 465 U.S. at 895 n.11. "An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested." *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir 1995). The hourly rate charged for Mr. Golden, the associate attorney with seven years of experience working on the file, is $260 per hour. The hourly rate for Mr. Grabill, the partner on the file, is $320 per hour. Engender is not, however, seeking recovery for any of Mr. Grabill's time.

Reviewing the case law in this district, the Court finds that $260.00 per hour for Mr. Golden is reasonable in light of his education, experience, and prevailing rates in the community. *See, e.g., Batiste v. Lewis*, Civ. A. No. 17-4435, 2019 W: 1591951, at *3 (E.D. La. Apr. 12, 2019); *Cuevas v. Crosby Dredging, LLC*, No. CV 18-9405, 2019 WL 2410936, at *3 (E.D. La. June 7, 2019) (finding rate of $195.00 reasonable for attorney that had been practicing for 7 years); (awarding $200.00/hour to attorney with five years-experience); *see, e.g., EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, 2015 WL 3505099, at *2-3 (E.D. La. June 3, 2015) (finding hourly rate of $275 for associate with seven years of experience to be reasonable); *Jefferson v. Baywater Drilling, LLC,* No. CV 14-1711, 2015 WL 7281612, at *1 (E.D. La. Nov. 17, 2015) (affirming magistrate judge's report and recommendation, finding that rate of $240 per hour was reasonable for an attorney with seven years' experience in maritime litigation). As such, the Court finds the rate reasonable.

### ii.     Reasonable Hours Expended

The party seeking the fee bears the burden of documenting and supporting the reasonableness of ***all*** time expenditures for which compensation is sought. *Hensley*, 461 U.S. at 437. (emphasis added). The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary . . ." *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id.* The Supreme Court calls on fee applicants to make requests that demonstrate "billing judgement." *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); *Cameron v. Greater New Orleans Fed. Credit Union*, Civ. A. No. 16-8514, 2017 WL 1426970, at *2 (E.D. La. Apr. 21, 2017).

Engender contends that its counsel provided a total of 32.2 hours of legal services in conjunction with "obtaining adequate discovery responses from Defendants through the Motion to Compel." (Rec. Doc. No. 16 at p. 3). Engender contends, however, that in the exercise of billing judgment, it has reduced its request to 25.8 hours (only Mr. Golden's time), which equates to $6,708.00 in attorneys' fees.

There is no discussion, however, of the exercise of billing judgment with respect to the time submitted for Mr. Golden, which contains numerous duplicative entries. For example, the December 16, 2020 entry for 1.3 hours provides, "Draft/revise motion to compel

4

discovery responses with focus on specific deficiencies in defendants' responses to individual requests for production…." (Rec. Doc. No. 16-2 at p. 4). Similarly, the December 17, 2020 entry provides in part, "Draft/revise motion to compel discovery responses with focus on deficiencies in defendants' responses to our interrogatories and general issues plaguing responses to all document requests," amounting to an additional 3.5 hours. (*Id*.). Further, the January 10, 2021 entry for 4.6 hours reads "Draft/revise brief in further support of motion to compel discovery responses." (*Id*.). Again, on January 11, 2021, the time entry reads in part "continued drafting/revising reply brief in further support of motion to compel" for an additional 3.4 hours. (*Id*. at p. 5). These entries fail to indicate why additional time was necessary for each task on subsequent days.

   The Court, therefore, finds that the 25.8 hours submitted in connection with the filing of the underlying motion to compel is not reasonable. Upon review of the motion itself, the Court notes that it is a standard, non-complex motion. The Court agrees with CZP that courts in this circuit have found that such tasks should reasonably take significantly less time. *Ivy v. Tran,* No. CV 20-1475, 2021 WL 1428877, at *3 (E.D. La. Apr. 15, 2021) (finding 5.8 hours on a motion to compel not reasonable); *Creecy v. Metro. Prop. & Cas. Ins. Co.,* 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (holding that 1.5 hours to draft a motion to compel, .40 hours conferring with opposing counsel, .10 hours corresponding about the motion to compel, .10 reviewing correspondence about the motion to compel, and .10 hours review a motion to compelare all reasonable); *Teles v. Liberty Mut. Fire Ins. Co.,* No. 06-11250, 2008 WL 425534 (E.D. La. Feb. 12, 2008) (holding that 1.5 hours to prepare a motion to compel for one attorney and 2.0 hours to prepare a motion to compel for another attorney, including communication regarding late discovery, drafting, revising, and filing, was reasonable).

5

Further, the billing records reveal that Engender seeks to recover fees for time related not only to the motion to compel but also review of the responses to discovery from the defendants as well as other third-parties. "While Rule 37(b) allows a court to assess sanctions against a party for failure to obey an order compelling the party to *provide or permit discovery,* Rule 37(a) only allows a court to award fees and expenses incurred in *securing the order* compelling discovery." *Stagner v. W. Kentucky Navigation, Inc.,* No. CIV.A. 02-1418, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) (emphasis in original) (citing *Liew v. Breen,* 640 F.2d 1046, 1051 (9th Cir.1981); *American Hangar, Inc. v. Basic Line, Inc.* 105 F.R.D. 173, 175-76 (D.Mass.1985) (Rule 37(a) only provides for the expenses in bringing the motion, ***not for expenses relating to the underlying discovery dispute.***) (emphasis added)).

Engender also seeks fees for 3.4 hours of time spent in the filing of the instant motion to set fees. Courts in this district have found that 1.5 hours is a reasonable amount of time to draft and file a motion to fix attorneys' fees. *See Picard v. St. Tammany Par. Hosp.,* No. Civ, A, 08-824, 2009 WL 911003, at *4 (E.D. La. Mar. 27, 2009); *Williams v. Res-Care, Inc.,* No. CV 17-10200, 2020 WL 4816141, at *4 (E.D. La. Aug. 19, 2020) ("The Court is of the opinion that 8.0 hours to draft a motion to fix attorneys' fees is quite excessive."); *Adams v. City of New Orleans,* No. CIV.A. 13-6779, 2015 WL 4606223, at *4 (E.D. La. July 30, 2015) (finding that 4.05 hours is a reasonable amount of time to spend on the type of work subject to filing the motion to compel ***and*** the motion to fix attorney's fees) (emphasis added) (citing *Daggs v. Lexington Ins. Co.,* No. 07-7991, 2009 WL 5171392 at *2 (E.D. La. Dec. 17, 2009) (holding that 1.2 hours to prepare a motion to fix attorney's fees and 1.2 hours to prepare a motion for sanction is reasonable)).

The Court finds that a downward adjustment is necessary and, therefore, awards Engender 4.8 hours in connection with the underlying motion to compel and reply memorandum. The Court also awards 1.5 hours in connection with the filing of the instant motion to fix attorneys' fees.

### III.  Adjustment of the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds an adjustment of the lodestar is not warranted.

### IV.  Total

For the foregoing reasons, the Court finds that the lodestar is:

|  | Hours | Rate | Total |
|---|---|---|---|
| **R. Harrison Golden** | 6.3 | $260.00/hour | $1,638.00 |
| **Lodestar** | | | **$1,638.00** |

### V.  CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that the **Motion to Fix Attorneys' Fees (Rec. Doc. No. 16)** is **GRANTED.** Engender is awarded reasonable attorneys' fees in the amount of **$1,638.00**.

**IT IS FURTHER ORDERED** that defendant, Cypress Zone Productions, LLC, shall satisfy its obligation to Engender no later than **twenty-one (21) days** from the issuance of this Order or by August 26, 2021.

New Orleans, Louisiana, this 5th day of August, 2021.

                                              **DANA M. DOUGLAS**
                                              **UNITED STATES MAGISTRATE JUDGE**